## Caudill, et al. v. First National Bank of Prestonsburg.

(Decided November 10, 1925.)

Appeal from Floyd Circuit Court.

Bills and Notes—Securing of Indorser on Note Without Knowledge or Consent of Maker is no Defense to Action Against Maker. —Fact that payee of note, after refusal of bank to purchase note,

had, without consent of maker, secured an indorser satisfactory to bank held no defense to action on note against maker.

J. P. TACKETT for appellant.

A. J. MAY for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

It appears herein that on December 5, 1922, appellant, John Caudill, executed and delivered his promissory note for $750.00 to W. H. Craft and Mary B. May. The note in form was a negotiable instrument and was payable at the First National Bank of Prestonsburg, Prestonsburg, Kentucky, four months after date. That bank became its holder in due course by purchase after it had been indorsed by W. H. Craft, Mary B. May, A. J. May and W. M. Caudill. When due, payment was demanded and refused, and the note thereupon was protested for nonpayment. Thereafter appellee instituted this action to recover from the maker and indorsers the amount of the note, with interest and protest fees. Appellant, John Caudill, filed an answer to which the trial court sustained a general demurrer. He declined to plead further, whereupon his answer was dismissed and judgment was entered against him on the note in question. From that judgment he prosecutes this appeal.

By his answer appellant undertook to avoid liability for having executed and delivered the note in question by pleading that after he had executed and delivered it to W. H. Craft and Mary B. May, they and the defendant, W. M. Craft, indorsed it and the payees in the note undertook to discount it to appellee upon that indorsement, but that appellee bank declined to purchase the note with only that indorsement. Appellant pleaded that thereupon he had nothing further to do with the transaction, but that he is informed that thereafter the payees in the note procured A. J. May to indorse it and appellee bank thereupon purchased the note.

We are unable to understand what principle of law appellant relies upon to absolve him from liability if the truth of the facts pleaded by him be conceded. The note sued on shows for itself that appellant was the maker and that W. H. Craft and Mary B. May were the payees.

Appellant does not deny that he was the maker of the note or that he signed it. He seeks to be relieved of the consequences of having done so solely upon the ground that after he had signed and delivered the note to the payees and after they had procured one indorser appellee bank declined to purchase it, and that thereafter without his knowledge or consent the payees of the note procured another indorser satisfactory to the bank and it thereupon purchased the note. Manifestly that contention can not be upheld and the trial court properly sustained a demurrer to the answer pleading that as appellant's only defense to the note sued on.